UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOANNA M. WILKINSON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-305

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 15), the Commissioner's memorandum in opposition (doc. 17), Plaintiff's reply (doc. 18), the administrative record (doc. 8),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of May 16, 2012. PageID 76. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, lumbar spondylosis, rheumatoid arthritis, bilateral hip osteoarthritis, fibromyalgia, migraines, diabetes

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

mellitus, chronic obstructive pulmonary disease ("COPD"), obesity, depression, and anxiety. PageID 79.

After an initial denial of her application, Plaintiff received a hearing before ALJ Mark Hockensmith on July 24, 2018. PageID 102-43. The ALJ issued a written decision on January 17, 2018 finding Plaintiff not disabled. PageID 76-93. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] could perform[.]" PageID 82-93.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 66-68. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.  Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 76-93), Plaintiff's Statement of Errors (doc. 15), the Commissioner's memorandum in opposition (doc. 17), and Plaintiff's reply (doc. 18). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.  Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007).

---

[3] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

2

In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.     Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) assessing her physical impairments; and (2) assessing her mental impairments. PageID 1760. The undersigned agrees with both of Plaintiff's alleged errors, and finds reversal warranted on that and other bases.[4] *See infra.*

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically

---

[4] This Court has the authority to *sua sponte* find additional error in the ALJ's opinion. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) ("This court has previously considered the issue of whether certain impairments meet or equal a listing, even though that issue had not been raised").

4

acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, the record contains the opinions of the treating physician, Oshana Alahakoon, M.D., who responded to inquiries regarding Plaintiff's physical and mental capacities. On June 15, 2015, Dr. Alahakoon opined that regarding physical limitations, Plaintiff would require more than the typically

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

5

allowed breaks in the workday; can sit for one hour total; can stand and walk for one hour total; would have to take three to six breaks per day for fifteen to twenty minutes each; and has limitations in reaching, handling, and fingering. PageID 821-22. With respect to Plaintiff's mental impairments, Dr. Alahakoon concluded that Plaintiff would have "marked" or "extreme"[6] limitations in the ability to: understand, remember, and carry out instructions; maintain attention and concentration for extended periods; maintain regular experience and be punctual; maintain a normal workday without interruptions; perform at a consistent pace with a standard number (and length) of rest periods; and respond appropriately to changes in the work setting. PageID 798-99. Ultimately, Dr. Alahakoon determined that Plaintiff would be absent more than four times a month as a result of her impairments and treatment. PageID 795.

The ALJ afforded Dr. Alahakoon's opinion "little weight." PageID 90. In reaching said conclusion, the ALJ's reasoning consisted entirely of a single consideration -- that the opinion is inconsistent with Dr. Alahokoon's examination note from July 17, 2015. *Id.* Such a cursory analysis of this treating opinion constitutes reversible error. Specifically, finding that the opinion was inconsistent with a single treatment note is not tantamount to performing the applicable controlling weight analysis, which requires the ALJ to consider whether the opinion is "inconsistent with the other substantial evidence in [the] case record." *LaRiccia,* 549 F. App'x at 384.

This error is more glaring considering that the treatment note cited by the ALJ does indeed contain some evidence supportive of Dr. Alahakoon's opinion. During examination, Dr. Alahakoon found that Plaintiff had gastrointestinal symptoms and problems; had an abnormal gastric emptying study; and diagnosed her with COPD, fibromyalgia, and diabetes. PageID 821-22. Moreover, treatment notes from other doctors during that time also document objective findings supportive of Dr.

---

[6] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

6

Alahakoon's opinion. In August, 2015, for example, Plaintiff was noted to have positive tender points in six spots as well as abnormalities of the wrist. PageID 1765. Later that same year, Plaintiff went to the emergency room with chest and back pain -- the latter of which was found to be related to her fibromyalgia. PageID 1499. Plaintiff was then noted to have peripheral neuropathy, which was confirmed by an endocrinologist. PageID 1531, 966. She also attended 18 physical therapy sessions that year, and treatment notes from those sessions indicate pain, a decreased range of motion in the lumbar spine, and a functional status of 32%. *See, e.g.,* PageID 1191-92. The ALJ's failure to apply the controlling weight test, and failure to consider the evidence supportive of Dr. Alahakoon's opinion, constitutes reversible error.

The undersigned also finds error in the ALJ's assessment of Plaintiff's credibility. Namely, the ALJ found that her failure to "seek treatment with a mental health professional" was inconsistent with her allegations of disability. PageID 88. Yet, in violation of Social Security Regulation 96-7p, the ALJ did so "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." 1996 SSR LEXIS 4, at *22. The ALJ erred, for example, in failing to consider that Plaintiff's depression and anxiety may have inhibited her desire and ability to seek mental health treatment. Indeed, "[f]or some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009).

Moreover, the ALJ improperly discredited Plaintiff's testimony because in "seclude[ing] herself," she failed to comply with treatment recommendations that she "be involved socially." PageID 88. The ALJ also erred by discrediting Plaintiff's testimony because she was able to "communicate with family" and "use Facetime to communicate." PageID 91. In penalizing Plaintiff for both her isolation and her limited ability to interact with family, the ALJ placed Plaintiff in an unwinnable bind

7

"not anticipated by the regulations or case law." *Rollins v. Massanari*, 261 F.3d 853, 860 n. 2 (9th Cir. 2001).

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: 9/23/2019   s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge