UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOANNA M. WILKINSON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-305

Magistrate Judge Michael J. Newman
(Consent Case

___

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT ("EAJA") (DOC. 21); AND (2) AWARDING $6,635.05 IN EAJA FEES**

___

This case is before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting attorney's fees in the amount of $7,060.93.  Doc. 21, 26.[1]  The Commissioner filed a memorandum in opposition (doc. 23) and Plaintiff filed a reply (doc. 26).  The undersigned has carefully considered the foregoing documents, and the motion for attorney's fees is now ripe for decision.

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees."  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)).  A party who prevails and obtains a Sentence Four remand is a prevailing party for EAJA purposes.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).  EAJA fees are payable to the litigant.  *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

___

[1] In the original motion, Plaintiff requested a total of $6,344.68 in EAJA fees, an amount increased by $716.25 as a result of counsel's time spent preparing a reply memorandum.  *See* doc. 26 at PageID 1958.

In this case, the undersigned reversed the ALJ's non-disability finding and remanded this matter to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further administrative proceedings.  Doc. 19.  Accordingly, Plaintiff is a prevailing party for EAJA purposes.  *See Shalala*, 509 U.S. at 301-02.  However, the Commissioner argues that EAJA fees are not awardable in this case because the Commissioner's position on appeal was substantially justified.  Doc. 20 at PageID 1732-35.

In reversing the non-disability finding at issue in Plaintiff's disability appeal, the undersigned concluded that the ALJ wholly failed to conduct the controlling weight analysis required by the Commissioner's own regulations, *see* 20 C.F.R. § 404.1527, when weighing the opinion of treating physician Oshana Alahakoon, M.D.  Doc. 19 at PageID 1818.  In addition, the ALJ disregarded one or more longstanding Social Security Rulings ("SSR"), namely SSR 96-7p, 1996 WL 374186, at *7 (July 9, 1996), which requires that an ALJ "not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."  Doc. 19 at PageID 1819.  The Commissioner's position on appeal -- attempting to justify these clear errors by the ALJ -- was not substantially justified and, therefore, an EAJA award is proper.

Next, the Commissioner challenges the requested fee, arguing that certain hours worked by counsel were excessive.  Doc. 23 at PageID 1944-46.  Initially, the Court finds no merit to the Commissioner's contention that time spent reviewing the approximately 1,700-page administrative record, taking notes of that record, and the organizing facts set forth therein -- *i.e.*, a total of 11 hours -- was excessive.  However, absent argument by Plaintiff in rebuttal to the

3

Commissioner's argument -- that 2.2 hours spend by senior counsel reviewing and editing the work of a younger lawyer -- the undersigned will reduce the amount sought by $425.88.  *See* doc. 23 at PageID 1945.

Based on all of the foregoing, the undersigned **GRANTS** Plaintiff's motion for an award of EAJA fees in the amount of $6,635.05.  Doc. 21.

**IT IS SO ORDERED.**

Date:   June 4, 2020                       s/ Michael J. Newman
                                           Michael J. Newman
                                           United States Magistrate Judge