UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOANNA M. WILKINSON,

    Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:18-cv-305

District Judge Michael J. Newman

---

**ORDER (1) GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) (DOC. NO. 28); (2) AWARDING PLAINTIFF'S COUNSEL $8,727.25 IN FEES; AND (3) DIRECTING PLAINTIFF'S COUNSEL TO REFUND TO PLAINTIFF, WITHIN FOURTEEN DAYS, THE EAJA FEE PREVIOUSLY AWARDED TO COUNSEL**

---

On September 23, 2019, the Court reversed the ALJ's non-disability finding and remanded this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. Doc. No. 19. On remand, Plaintiff was awarded benefits. Doc. No. 27. Upon Plaintiff's motion, the Court previously awarded to Plaintiff's counsel attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. No. 27. Plaintiff's counsel now moves for an award of attorney's fees in the amount of $8,727.25 under 42 U.S.C. § 406(b). Doc. No. 28. Counsel's motion is unopposed. Doc. No. 30.

**I.**

In Social Security cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 406(b)(1), 1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id.* Furthermore, the attorney must show, and the Court must

affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

## II.

In this case, Plaintiff's counsel represents working a total of 37 hours (29.8 attorney hours and 7.2 paralegal hours) before this Court. Doc. No. 28, PageID 1965. If the paralegal hours are billed at $80 per hour and deducted, counsel's requested fee of $8,727.25 divided by the 29.8 hours

2

spent working on the case, results in a hypothetical hourly rate of $273.53, an hourly rate that is -- without dispute and based upon the materials submitted in support of Plaintiff's motion -- reasonable in light of the skill and experience of counsel. *See* Doc. No. 30 at PageID 1990-91.

### III.

Based upon the foregoing: (1) Plaintiff's unopposed motion for a § 406(b) fee award (Doc. No. 28) is **GRANTED**; (2) Plaintiff's counsel is **AWARDED** the requested sum of $8,727.25 in attorney's fees; (3) Plaintiff's counsel is **ORDERED** to reimburse to Plaintiff, **WITHIN FOURTEEN (14) DAYS**, the EAJA fee previously awarded to counsel; and (4) as no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

June 30, 2021  s/Michael J. Newman
Hon. Michael J. Newman
United States District Judge